[Civ. No. 17922. Second Dist., Div. One. June 8, 1951.]

BERT A. RUTHERFORD, Respondent, v. LEO REILLY et al., Defendants; SLEEPY HOLLOW RIDING ACADEMY, INC., Appellant.

I. Henry Harris, Jr., Robert J. Magdlen and Marvin Wellins for Appellant.

Tudor Gairdner for Respondent.

HANSON, J. pro tem.—The question here presented is whether the operator of a boarding stable for horses is liable for injuries caused by a horse which escaped from its box stall while its owner was in the act of placing a halter on it preparatory to exercising the horse. Unlike the trial judge we fail to see any legal liability.

The controlling facts are undisputed. The defendant riding academy is engaged, among other things, in boarding horses for their owners in its stables—adjacent to which is a riding ring. At the time here involved and for some two months prior thereto the defendant was engaged in boarding a horse owned by defendant Reilly under an arrangement by which Reilly was privileged at any time to go directly to the stables and procure his horse for any purpose he chose, among others, to exercise it in the riding ring on the premises. The academy kept the horse loose in a box stall, access to which was had through a sliding door. On the occasion in question Reilly went directly to the stall carrying a halter and a 50-foot "lunge rope" his purpose being to exercise the horse on the premises. Reilly opened the door but before he had an opportunity to place the halter on the animal it bolted out the open door, through a gate into the riding ring. The academy's foreman having observed what had happened and seeing Reilly in pursuit of his horse directed Reilly to run in one direction while he ran in another for the purpose of heading the horse off. These efforts apparently excited the horse and he escaped upon the highway either through a gate that was open or by jumping a board fence four feet in height which enclosed the riding ring. On the highway the horse collided with an automobile driven by plaintiff-respondent, injuring him. The trial judge sitting without a jury found that the "possession of the aforesaid thoroughbred horse was controlled" by the two defendants; that "immediately prior to the happening of the accident" the defendants "negligently permitted the aforesaid horse to escape from its stable"; that the defendants "negligently permitted said horse to escape from said ring and to stray upon" the highway "unaccompanied by a person in charge or control thereof, or by any person or persons whomsoever, as a direct and proximate result of which said horse collided against" the automobile driven by plaintiff. The court awarded damages against Reilly and the academy. The academy alone appeals.

On the facts narrated it is plain that Reilly was entitled to and was in exclusive possession of the horse from the moment he opened the stable door and that the possession of the academy as bailee thereupon ceased. The court's finding to the contrary is not supported by the evidence. The horse escaped from the stall through the act of Reilly and through no act of the academy, negligent or otherwise.

Respondent, however, contended below, as he does here,

that the academy was negligent in that it knew that the horse was a "jumper" and so it was under a duty to maintain a fence of sufficient height so the horse could not jump over it and that it was negligent in not so doing. The trial court did not find that the horse jumped the fence or that it went through the open gate leading to the highway. It merely found that the defendants negligently permitted the horse to stray onto the highway. It is a little difficult to understand how it can be said that the horse was straying on the highway when it was running away from its owner and he in "hot pursuit" of it.

The language of the findings indicates that the trial judge as of the view that Agricultural Code, section 423, was violated as respondent contended. The statute has no application to the facts. It merely provides that "No person owning, or controlling the possession of, any live stock, shall wilfully or negligently permit any such live stock to stray upon or remain unaccompanied by a person in charge of control thereof upon a public highway, . . . In any civil action brought by the owner, driver or occupant of a motor vehicle, or by their personal representatives or assignees, or by the owner of live stock, for damages caused by collision between any motor vehicle and any domestic animal or animals on a highway, there is no presumption or inference that such collision was due to negligence on behalf of the owner or the person in possession of such live stock."

From what has been said it is apparent that no legal liability of the academy was shown for the injuries sustained by plaintiff, and hence we do not discuss other errors assigned.

The judgment is reversed with instructions to enter judgment for defendant academy with costs.

White, P. J., and Drapeau, J., concurred.